MICHAEL J. TREZZA, ESQ., SBN 142922
LAW OFFICE OF MICHAEL J. TREZZA
506 Second Street
Yuba City, CA  95991
Telephone: (530)673-5637
Fax: (530)673-0277
Email: michaeltrezzalaw@att.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVY SANTANA, CARLOS SANTANA, <br><br>        Plaintiffs, <br><br> vs. <br><br> MATTHEW MAPLES, INDIVIDUALLY AND AS AN OFFICER OF THE SUTTER COUNTY SHERIFF'S DEPARTMENT, BRADY BEYMER, INDIVIDUALLY AND AS AN OFFICER OF THE SUTTER COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SUTTER, AND DOES 1-10, INCLUSIVE, <br><br>        Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Fourth Amendment-Detention & Arrest (42 U.S.C. §1983) <br> 2. Fourth Amendment-Excessive Force (42 U.S.C. § 1983) <br> 3. Battery <br> 4. Negligence <br> 5. Intentional Infliction of Emotional Distress <br><br>    (Jury Trial Demanded) |

1

COMPLAINT FOR DAMAGES

Plaintiffs, Chevy and Carlos Santana, hereby allege as follows:

## I.    INTRODUCTION

1.     This is a civil action seeking damages arising from the illegal and unconstitutional detention, arrest, use of excessive force, battery, false imprisonment, and intentional infliction of emotional stress of Chevy and Carlos Santana ("Plaintiffs) by Sutter County Deputies Matthew Maples and Brady Beymer ("Defendants").

2.     On November 24, 2016, Chevy Santana was illegally detained and arrested for a misdemeanor violation of penal code section 148(a)(1) (Resisting, delaying, obstructing a police officer).

3.     Defendants tased, punched, beat, kicked, and stepped on plaintiff Chevy Santana as he laid defenseless and attempted to protect himself from defendants attack.

4.     Defendant Maples forcibly grabbed plaintiff Carlos Santana and threw him onto the hood of an automobile and held him as defendant Beymer and other officers assaulted and battered his son Chevy in his presence.

5.     Defendants submitted a false police report claiming plaintiff Chevy Santana had resisted arrest and threatened officers prior to his arrest.  Based on this report the Sutter County District Attorney's Office began an investigation to determine whether to file criminal charges against Chevy Santana.

6.     As a result of the excessive force used by defendants, plaintiff Chevy Santana sustained wounds from the taser barbs.  In addition, plaintiff suffered bruising and abrasions throughout his body requiring evaluation and treatment at the hospital.  Plaintiff also suffered mental anguish and emotional distress.

2

COMPLAINT FOR DAMAGES

7.    After reviewing the statements of the defendants and video of the assault, battery and arrest of Chevy Santana the district attorney declined to file criminal charges against Chevy Santana.

8.    Plaintiffs now bring this action for damages and to vindicate their civil rights under the California and United States Constitution.

**II.    JURISDICTION AND VENUE**

9.    This Court has jurisdiction of the subject matter of this action under 42 U.S.C Sections 1983 for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.  The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331.

10.    This Court has personal jurisdiction over the defendants named herein because the Plaintiffs are informed and believe and on that basis allege that the defendants are currently domiciled in the State of California.

11.    The Court has pendant and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. Section 1367.  The pendant state law claims contained in this complaint arise from the same nucleus of operative facts, and involve the identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

12.    On or about May 15, 2017, Plaintiffs presented written claims for damages to the County of Sutter pursuant to California Government Code Section 910 et seq.  On July 11, 2017, the County of Sutter rejected plaintiffs claims.

COMPLAINT FOR DAMAGES

13.     Venue is proper in the Eastern District of California, under 28 U.S.C. Section 1391(b)(1) and (2) because some or all of the defendants to this action reside in the District and because a substantial part, if not all, of the events or omissions giving rise to plaintiffs claims occurred in this judicial district.

III.     PARTIES

14.     The plaintiffs in this case are Chevy and Carlos Santana, who at all relevant times were residents of the County of Sutter, State of California.

15.     Defendant Matthew Maples, sued in both his individual and official capacities, is a resident of California on information and belief, and at all relevant times has been a deputy sheriff for the Sutter County Sheriff's Office.

16.     Defendant Brady Beymer, sued in both his individual and official capacities, is a resident of California on information and belief, and at all relevant times has been a deputy sheriff for the Sutter County Sheriff's Office.

17.     Defendant County of Sutter is a political subdivision of the State of California duly organized and existing under the laws thereof, and has the capacity to sue and be sued.  The Sutter County Sheriff's Office is an official subdivision of Sutter County, and all deputies and other law enforcement officers employed by the Sheriff's Department are employees of Sutter County.

18.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every

4

COMPLAINT FOR DAMAGES

defendant is jointly and severally responsible and liable to the plaintiff for the damages hereinafter alleged.

19.     Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as Does 1-10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries, and damages set forth herein, and that each of the defendants proximately caused said incident, injuries, and damages by reason of their violation of constitutional and legal rights, negligence, breach of duty, negligent supervision, management, or control, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment or control or upon any other act or omission.

20.     Each of the defendants, including Does 1-10, caused and is responsible for the unlawful conduct described herein and the resulting injuries, by among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so, with deliberate indifference to the rights of each plaintiff.

21.     In doing the acts and/or omissions alleged herein, defendants and each of them, acted within the course and scope of their employment for the County of Sutter.

22.     In doing the acts and /or omissions alleged herein, defendants, and each of them, acted under color of authority and/or of law.

23.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

24.     All individual defendants are guilty of fraud , oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

5

COMPLAINT FOR DAMAGES

25.     Plaintiff Chevy Santana was seriously injured, physically and emotionally, as direct and proximate result of the actions of the defendants and does 1-10.

26.     Plaintiff Carlos Santana was injured, physically and emotionally, as a direct and proximate result of the actions of the defendants and does 1-10.

## IV.    FACTUAL ALLEGATIONS

27.     On November 24, 2016, Plaintiffs Chevy and Carlos Santana were at Happy Times Bar and Grill located in Sutter County with some friends.  At approximately 12:15 a.m. a member of their party was asked to leave the bar.  Chevy Santana followed his friend who was asked to leave as he exited the bar.  Chevy was filming his friend walk out on his cell phone.  As Chevy neared the exit, Defendant Maples struck his hand, knocking the phone to the ground.  Chevy picked up his phone and exited the bar, where he was joined by his father Plaintiff Carlos Santana, and they prepared to leave.

28.     As plaintiffs started toward their vehicles they were confronted by Defendant Maples who began yelling at them.  Neither plaintiff posed or reasonably appeared to pose an immediate threat to the safety of Defendant Maples or any other law enforcement officer present.  Neither plaintiff made any contact with or movement toward Defendant Maples or any other law enforcement officer present, nor did either plaintiff yell, argue, or gesture in any manner with or towards defendant Maples or any officers present outside the bar.

29.     Without provocation or warning, Defendant Maples grabbed Carlos Santana and forcefully pushed him down on the hood of a vehicle in the parking lot of the bar.  As Maples grabbed Carlos, he ordered other officers to restrain Chevy Santana.

30.     Chevy Santana was then struck repeatedly by Defendant Beymer and other

6

COMPLAINT FOR DAMAGES

officers in his ribs and legs, and then shot with a taser and hit in the back of the head causing him to fall to the ground.  Once on the ground several deputies knelt on Chevy's legs and back and tased him at least two more times.  On at least one occasion officers lifted up Chevy's shirt and shot him with a taser directly on his skin.  At no time prior to being tased did Chevy threaten or physically challenge any defendant.  At no time did defendants warn Chevy that he would be tased.  All taserings except the initial one occurred as plaintiff Chevy Santana was on the ground and not a physical threat to any defendant.

31.     Plaintiff were both placed in handcuffs and Chevy Santana was stood up and dragged to a patrol car.  Chevy was then taken to the Sutter County Jail and charged with resisting arrest.

32.     Plaintiff Chevy Santana suffered puncture wounds from being tased and bruises and abrasions from being beaten, thrown to the ground, and stepped on by defendants.  He received evaluation and treatment at a local hospital for is injuries.  Plaintiff Carlos Santana suffered bruises from being forcibly thrown on the hood of a vehicle, and suffered mental and emotional stress as a result of being assaulted and watching defendants beat his son.

33.     Plaintiff Chevy Santana was arrested and booked into jail on charges of resisting arrest and threatening officers.  After the Sutter County District Attorney's Office reviewed the evidence it declined to file charge against either plaintiff.

34.     As a result of the foregoing, Plaintiffs sustained serious injuries and emotional trauma consistent with the application of excessive force and tasering.  Plaintiffs further suffered intense physical and emotional pain, anguish, distress and despair and were deprived of their rights under the Fourth and Fourteenth Amendments of the United States Constitution.  The excessive force used against the Plaintiffs by Defendants was the proximate cause of Plaintiffs injuries.

7

COMPLAINT FOR DAMAGES

1 | V.    CAUSES OF ACTION

2

3 | **FIRST CLAIM FOR RELIEF**

4 | **Fourth Amendment-Detention and Arrest (42 U.S.C. Section 1983)**

5

6 | 35.    Plaintiffs re-allege and incorporate herein by reference each and every allegation

7 | contained in paragraphs 1 through 34 of this complaint with the same force and effect as if fully

8 | set forth herein.

9 | 36.    Defendants, and each of them, detained plaintiffs without reasonable suspicion

10 | and arrested them without probable cause.

11 | 37.    When Defendant Maples grabbed plaintiff Carlos Santana and forcefully threw

12 | him onto hood of a vehicle, he violated his right to be secure in his person against unreasonable

13 | searches and seizures as guaranteed to plaintiff under the Fourth Amendment of the United

14 | Constitution and applied to state actors by the Fourteenth Amendment.  When Defendant

15 | Beymer struck and knocked plaintiff Chevy Santana to the ground, and repeatedly tased him, he

16 | violated his right to be secure in his person against unreasonable searches and seizures as

17 | guaranteed to plaintiff under the Fourth Amendment of the United States Constitution and

18 | applied to state actors by the Forteenth Amendment.

19 | 38.    The conduct of the defendants was done willfully, deliberately, maliciously, and

20 | with reckless or deliberate indifference or conscious disregard to each plaintiff's constitutional

21 | rights, thereby entitling them to an award of exemplary or punative damages.

22 | 39.    As a result of the defendants misconduct as described above, plaintiffs were

23 | wrongfully detained and arrested and defendants are liable for injuries to the plaintiffs.  These

24 | violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

25

8

COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

**Fourth Amendment-Excessive Force (42 U.S.C. Section 1983)**

40.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effects as if fully set forth herein.

41.     Defendants used excessive force against plaintiff Carlos Santana when they grabbed him and threw him onto the hood of a vehicle, and against plaintiff Chevy Santana when they struck him, tased him and knocked him to the ground, and then stepped on his body and repeatedly tased him.  The defendants unjustified battery and tasing of the plaintiffs deprived them of their right to be secure in their persons against unreasonable searches and seizures as guaranteed to the plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     The conduct of the defendants was done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to the constitutional rights of the plaintiffs, thereby entitling plaintiffs to an award of exemplary or punitive damages.

43.     The tasing of Chevy Santana was excessive and unreasonable , and plaintiff Chevy Santana posed no immediate threat of death or great bodily injury at the time of the beating and tasing.  Further, defendant's tasing and use of force violated his training and standard police officer training.  As a result of his misconduct, defendants are liable for injuries suffered by the plaintiffs.  These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

9

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

## (BATTERY)

44.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 43 as through fully set forth herein.

45.     Plaintiffs each assert a claim for battery against defendants based upon the unlawful touching of plaintiffs which was the direct and legal cause for their injuries and the resulting damages and loss to each plaintiff.  At all times during the unlawful touching of plaintiffs, defendants, and each of them, were acting with the course and scope of their employment with the County of Sutter.  The County of Sutter is therefore vicariously liable for the acts of each defendant who committed battery upon the plaintiffs pursuant to Government Code Section 815.2(a) and 820(a).  The non-consensual contact by the defendants against the plaintiffs amounted to unreasonable force and included, but was not limited to, unnecessary and improper use of force and the improper and excessive use of the taser on plaintiff Chevy Santana.

46.     Plaintiffs are informed and believe and thereon allege that the aforementioned acts of defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of the rights, welfare and safety of the plaintiffs, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

47.     The battery includes the tasing of Chevy Santana by defendants, including but not limited to defendant Beymer when he was not a threat or physically challenging any defendant.  The battery also includes plaintiff Chevy Santana being knocked to the ground and assaulted by defendants, including but not limited to defendant Beymer, while plaintiff was not resisting and lying in a defenseless prone position.  They battery includes defendant Maples

10

COMPLAINT FOR DAMAGES

forcefully grabbing and throwing plaintiff Carlos Santana onto the hood of a vehicle when he was not a threat or physically challenging any defendant.

48.     As a direct and legal cause of the acts and omissions of the defendants and each of them, the plaintiffs have suffered damages, including without limitations, pain, and suffering, emotional distress, attorney's fee, costs of suit, and other pecuniary losses not yet ascertained.

## FOURTH CLAIM FOR RELIEF

### (Negligence)

49.     Plaintiffs re-allege and incorporates by reference each and every allegation contained in paragraphs 1 through 49 in this complaint.

50.     Defendants were negligent, and/or reckless and such conduct caused harm to Plaintiff.  Defendant were negligent and/or reckless in performing their duties and failed, neglected, and/or refused to properly and fully discharge their responsibility by, among other things:

(a)     Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officer under the same circumstances;

(b)     Grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm would likely result;

(c)     Failing to practice and follow sufficient police procedures to ensure the officers and the public's safety;

(d)     Failing to exercise the proper method of detaining and arresting Plaintiffs that resulted in the unnecessary escalation of force; and

51.     As a result of Defendant's conduct, Plaintiffs have suffered significant physical

COMPLAINT FOR DAMAGES

and emotional distress, and, pain and suffering.

## FIFTH CLAIM FOR DAMAGES

### (Intentional Infliction of Emotional Distress)

52.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraph 1 through 51 of this Complaint.

53.     The conduct of Defendants as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon Plaintiffs.

54.     As a proximate result of said defendants willful, intentional and malicious conduct, Plaintiffs suffered severe emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages against Defendants and Plaintiffs have suffered injuries and damages hereinafter set forth.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For general damages against all Defendants, jointly and severally, to be determined at trial;

2.     For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

12

COMPLAINT FOR DAMAGES

3.     For punitive and exemplary damages against the individual Defendants, and DOES 1-10, jointly and severally, in an amount to be proven at trial;

4.     For attorneys fees under 18 U.S.C. Section 1988;

5.     For costs of suit; and

6.     For whatever further relief, including injunctive relief, as may be just and proper.

## JURY DEMANDED

Plaintiffs hereby demand a trial by Jury on any and all issues triable by a jury.

Dated: December 27, 2017

LAW OFFICE OF MICHAEL J. TREZZA

By _____

MICHAEL J. TREZZA

13

COMPLAINT FOR DAMAGES